Eastern District of Kentucky
FILED

JUL 11 2005

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT PIKEVILLE

CIVIL ACTION NO. 04-327-DLB

LENVILLE A. FLEMING                                                                                           PLAINTIFF

vs.                                             MEMORANDUM OPINION & ORDER

JO ANNE B. BARNHART, Commissioner
SOCIAL SECURITY ADMINISTRATION                                                          DEFENDANT

*******************

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Lenville Fleming filed applications for supplemental security income (SSI) and disability insurance benefits (DIB) on August 7, 2000.[1] His applications were denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on June 11, 2003; a supplemental hearing was held on October 16, 2003. On November 13, 2003, the ALJ ruled that Plaintiff was not under a disability. The Appeals Council denied Plaintiff's request for review by letter dated September 1, 2004, and the ALJ's decision became the final decision of the

---

[1] Plaintiff filed previous applications for benefits on March 16, 1999. Those applications were denied initially and upon reconsideration. The ALJ issued an unfavorable decision on June 30, 2000, which Plaintiff did not appeal.

1

Commissioner.

Plaintiff, who was 31 years old at the time of the hearings, has a high school equivalent education and alleges an inability to work beginning on July 1, 2000 due to low back, leg, and hip pain; numbness in his hands; blurred vision; memory loss; frontal lobe brain damage; nervousness; obesity; fatigue; insomnia; and chronic headaches. At the first hearing before the ALJ, Plaintiff indicated that he has constant pain in his lower back, which, in turn, causes pain in his legs; he has tried physical therapy and at-home exercises, to no avail; he uses a TENS unit twice per day, which gives him some relief; and he takes Lortab, ibuprofen, and Robaxen, which cause an upset stomach. He also testified that he can sit and stand for 15-20 minutes, lift 20 pounds, walk approximately 100 feet, "get[s] irritable real easy," and is extremely nervous in crowds and the presence of loud noises.

Plaintiff filed the instant action on September 15, 2004. The matter has culminated in cross motions for summary judgment, which are now ripe for review.

## II. DISCUSSION

### A.  Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. See Cutlip v. Secretary of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. Courts are not to conduct a de novo review,

2

resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Social Security,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Social Security,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

## B.  The ALJ's Determination

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 1, 2000, his alleged onset date. At Steps 2 and 3, the ALJ found that Plaintiff's degenerative disc disease (DDD), obesity, and major depressive disorder constitute severe impairments, but that Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4. At Step 4, the ALJ found that Plaintiff possessed the residual functional capacity (RFC) to perform a significant range of light work. Specifically, the ALJ found that Plaintiff is able to lift/carry 20 pounds occasionally, 10 pounds frequently; he can never perform any

prolonged sitting, standing, or walking; he can occasionally reach overhead, climb, balance, and crawl; and he can never stoop, bend, kneel, crouch, squat, twist, or climb ladders, ropes, or scaffolds. He also found that Plaintiff has poor ability to deal with co-workers and the public, behave in an emotionally stable manner, and understand, remember, and carry out complex job instructions. Based on that assessment, the ALJ concluded that Plaintiff is unable to perform his past relevant work as a cook, dishwasher, produce manager, or delivery driver. At Step 5, however, the ALJ found that Plaintiff is capable of making a successful adjustment to work that exists in significant numbers in the regional and national economies. This conclusion resulted from testimony by a vocational expert ("VE"), in response to a hypothetical question assuming an individual of Plaintiff's age, education, past relevant work experience, and RFC.

C.   **Analysis**

In this appeal, Plaintiff's sole contention of error is that the ALJ should have recontacted Dr. Samuel King, his treating physician, to determine whether additional information was readily available. In support, Plaintiff notes that Dr. King repeatedly opined that he is "totally and permanently disabled from all occupations and is not a candidate for rehabilitative training." Based upon this assessment, Plaintiff alleges that the ALJ was required, under 20 C.F.R. § 404.1512(e)(1), to recontact Dr. King prior to issuing a decision. In response, the Commissioner argues that the ALJ properly rejected Dr. King's disability opinion because it: 1) was not supported by his objective medical findings and 2) was inconsistent with the other medical evidence presented, namely Dr. Joseph Rapier's opinion. Additionally, the Commissioner maintains that disability is a determination reserved solely to the ALJ, who is not bound by the opinion of a treating physician.

4

As noted by the Commissioner in her motion, 20 C.F.R. § 404.1512(e)(1) requires an ALJ to recontact a medical source in three situations: 1) when the report from the medical source contains a conflict or ambiguity that must be resolved; 2) when the report does not contain all the necessary information; or 3) when the report does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques. Plaintiff does not allege which of the foregoing situations is implicated in this case, nor does he identify the "additional information" he contends the ALJ should have elicited from Dr. King. For the following reasons, the Court concludes that the recontact requirement of 20 C.F.R. § 404.1512(e)(1) does not mandate reversal.

Dr. King is Plaintiff's family physician. The record indicates that Plaintiff has been treated by Dr. King over a number of years, for a variety of ailments. Specifically, though, he sought treatment in October 1994 after a work-related injury.[2] Following an MRI, Dr. King diagnosed chronic lumbosacral strain, DDD, possible HNP at the L1/L2 level, bilateral facet joint syndrome, and reactive depression. (Tr. 396-415, 458-69). His progress notes beginning on May 2, 2001 further state that Plaintiff remains "totally and permanently disabled from any and all occupations and is not a candidate for rehabilitative training." (Tr. 396-97). This notation appears on Dr. King's progress notes through February 12, 2003. (Tr. 458-59). Plaintiff alleges that the ALJ erred in not adopting Dr. King's disability opinion, and concluding instead that he is capable of performing other work in the economy.

---

[2] While working at Food City, Plaintiff injured his back while carrying a tub of ice.

5

Contrary to Plaintiff's assertions, the evidence from Plaintiff's treating physician is not controlling on the ultimate issue of disability. Rather, the Sixth Circuit has repeatedly held that the determination of disability for Social Security purposes is the prerogative of the Commissioner alone. See Harris v. Heckler, 756 F.2d 431, 435 (6th Cir.1985). Therefore, the Commissioner is not bound by a treating physician's opinion of disability in the face of substantial evidence to the contrary. See Hardaway v. Sec'y of Health and Human Servs, 823 F.2d 922, 927 (6th Cir.1987). The ALJ concluded that there was "substantial evidence to the contrary" in this case. In particular, he noted that the ALJ in Plaintiff's previous disability proceeding found that he retained the RFC to perform light work, and in the absence of any significant change in Plaintiff's impairments, he deferred to that finding. (Tr. 77). The ALJ also noted that consultative examiner Dr. Joseph Rapier's opinion supported an RFC of light work. Dr. Rapier examined Plaintiff on June 5, 2001 and stated:

> I would probably limit this patient's maximum lifting to no more than an occasional 20 pounds, regular lifting of 10 pounds or less. He should not be engaged in work which would cause him to do repetitive or frequent bending, lifting, turning, and twisting. He probably should have a sit/stand option.

(Tr. 448).

Parenthetically, the Court also notes that the ALJ gave an additional reason for rejecting Dr. King's opinion - it was inconsistent with the overall medical record. (Tr. 20). In that regard, the ALJ stated:

> CT scan and myelogram taken in October 2000 failed to show significant abnormality, and findings of disc herniation and nerve root involvement were specifically absent. Objectively, the claimant has been found to have decreased lumbar spine range of motion and only intermittent signs of radiculopathy.

6

(Tr. 20). The ALJ continued, "As the treating physician's opinion is not consistent with the overall medical record and is not supported by objective medical findings, [it] has been [been] given ... little weight." (Tr. 20). The Court concludes that the ALJ's reasons were well-founded and his review of the medical records, as a whole, was complete. Therefore, the Court rejects Plaintiff's contention that the ALJ erred in failing to recontact Dr. King prior to rendering an opinion in contravention of 20 C.F.R. § 404.1512(e)(1).

### III. CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #8) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #11) is hereby **GRANTED.**

A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

Dated this 11th day of July, 2005.

G:\DATA\SocialSecurity\MOOs\7-04-327-FlemingMOO.wpd



Signed By:
David L. Bunning
United States District Judge